UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL S. SMITH<br><br>            Plaintiff,<br><br>    v.<br><br>KENNEWICK POLICE DEPARTMENT and BENTON COUNTY PROSECUTOR'S OFFICE,<br><br>            Defendant. | NO:  12-CV-5123-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION FOR EXTENSION OF TIME AND DISMISSING COMPLAINT |

Magistrate Judge Imbrogno filed a Report and Recommendation on May 6, 2013 (ECF No. 15), recommending that Mr. Smith's second Motion for Extension of Time seeking an additional 90 days to amend (ECF No. 14) be denied and that his complaint (ECF No. 8) be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and such dismissal count as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff has filed nothing further in this action.

Plaintiff's allegations that the Kennewick Police Department and the Benton County Prosecutor's Office declined to bring charges against Plaintiff's girlfriend

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING
MOTION FOR EXTENSION OF TIME AND DISMISSING COMPLAINT --1

for allegedly stealing Plaintiff's vehicle, failed to state a cognizable claim under 28 U.S.C. § 1983.  *See Hervey v Estes,* 65 F.3d 784, 791 (9th Cir. 1995) (municipal police departments are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the prosecution of another). Plaintiff failed to suggest any facts which would entitle him to relief against a municipal police department or a county prosecutor's office.

There being no objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 15).  **IT IS ORDERED** Plaintiff's Motion (ECF No. 14) is **DENIED** and the Complaint (ECF No. 8) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **<u>Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims</u>**.

1    Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*
2 *pauperis* if the trial court certifies in writing that it is not taken in good faith."  The
3 good faith standard is an objective one, and good faith is demonstrated when an
4 individual "seeks appellate review of any issue not frivolous."  *See Coppedge v.*
5 *United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an
6 appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*,
7 490 U.S. 319, 325 (1989).

8    The Court finds that any appeal of this Order would not be taken in good
9 faith and would lack any arguable basis in law or fact.  Accordingly, the Court
10 hereby revokes Plaintiff's *in forma pauperis* status.

11    **IT IS SO ORDERED**.  The District Court Executive is directed to enter this
12 Order, enter judgment, forward copies to Plaintiff at his last known address, and
13 **close** the file.  The District Court Executive is further directed to forward a copy of
14 this Order to the Office of the Attorney General of Washington, Criminal Justice
15 Division.  The Court revokes Plaintiff's *in forma pauperis* status.

16    **DATED** August 1, 2013.



THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING
MOTION FOR EXTENSION OF TIME AND DISMISSING COMPLAINT --3